<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br>District of Delaware<br>(State)</td></tr>
<tr><td>Case number (if known): _____</td><td>Chapter 11</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's Name | RUI Holding Corp. |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | Restaurants Unlimited |
| 3. | Debtor's federal Employer Identification Number (EIN) | 20-8116192 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 411 First Ave. South, Suite 200<br>Number          Street | Number          Street |
| | P.O. Box |
| Seattle, WA 98104<br>City          State          Zip Code | City          State          Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| King County, WA<br>County | Number          Street |
| | |
| | City          State          Zip Code |

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | https://www.r-u-i.com |
| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

| Debtor | RUI Holding Corp. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**7225 - Restaurants and Other Eating Places**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return; or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District _____ When _____ MM/DD/YYYY Case number _____

District _____ When _____ MM/DD/YYYY Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor **See Rider 1** Relationship **Affiliate**

District **District of Delaware** When **07/07/2019** MM / DD / YYYY

Case number, if known _____

| Debtor | RUI Holding Corp. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                        State        Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,000-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | RUI Holding Corp. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**
(on a consolidated basis)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☒ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____07/07/2019____
MM/ DD / YYYY

✘ */s/ David Bagley*          **David Bagley**
Signature of authorized representative of debtor          Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

✘ */s/ Domenic E. Pacitti*          Date ____07/07/2019____
Signature of attorney for debtor          MM/ DD/YYYY

**Domenic E. Pacitti**
Printed name

**Klehr Harrison Harvey Branzburg LLP**
Firm name

**919 North Market Street, Suite 1000**
Number          Street

**Wilmington**          **DE**   **19801-3062**
City          State   ZIP Code

**302-426-1189**          **dpacitti@klehr.com**
Contact phone          Email address

**3989**          **DE**
Bar number          State

Fill in this information to identify the case:

United States Bankruptcy Court for the:

_____
District of Delaware
_____
(State)

Case number (if known): _____    Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.

1.    RUI Holding Corp.

2.    RU Corp.

3.    Restaurants Unlimited, Inc.

4.    Restaurants Unlimited Texas, Inc.

Rider 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RUI HOLDING CORP., *et al.*,[1] | ) | Case No. 19-1 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## LIST OF EQUITY SECURY HOLDERS OF
## RUI HOLDING CORP.[2]

| Debtor | Equity Holders | Units Held | Percentage of Equity Held |
|---|---|---|---|
| RUI Holding Corp. | Sun RUI, LLC | Voting Common | 100% |

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: RUI Holding Corp. (6192); RU Corp. (8259); Restaurants Unlimited, Inc. (8365); and Restaurants Unlimited Texas, Inc. (5733). The Debtors' headquarters and mailing address is: 411 First Ave. South, Suite 200, Seattle, WA 98104. The Debtors operate restaurants under the following names: Clinkerdagger; Cutters Crabhouse; Fondi Pizzeria; Henry's Tavern; Horatio's; Kincaid's; Maggie Bluffs; Manzana; Newport Seafood Grill; Palisade; Palomino; Portland City Grill; Portland Seafood Company; Scott's Bar and Grill; Simon & Seafort's; Skate's on the Bay; Stanford's; and Stanley & Seafort's.

[2]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of this chapter 11 case.

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | RUI Holding Corp. |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____      List of Equity Security Holders      _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **07/07/2019** | ☒   */s/ David Bagley* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **David Bagley** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUI HOLDING CORP., *et al.*,[1] | ) | Case No. 19-1 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT OF
## RUI HOLDING CORP.

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned Debtor in this case submits the following information:

| Corporate Equity Holder | Address of Corporate Equity Owner | Interest |
|---|---|---|
| Sun RUI, LLC | 5200 Town Center Circle, 4th Floor Boca Raton, FL 33486 | 100% |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: RUI Holding Corp. (6192); RU Corp. (8259); Restaurants Unlimited, Inc. (8365); and Restaurants Unlimited Texas, Inc. (5733). The Debtors' headquarters and mailing address is: 411 First Ave. South, Suite 200, Seattle, WA 98104. The Debtors operate restaurants under the following names: Clinkerdagger; Cutters Crabhouse; Fondi Pizzeria; Henry's Tavern; Horatio's; Kincaid's; Maggie Bluffs; Manzana; Newport Seafood Grill; Palisade; Palomino; Portland City Grill; Portland Seafood Company; Scott's Bar and Grill; Simon & Seafort's; Skate's on the Bay; Stanford's; and Stanley & Seafort's.

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | RUI Holding Corp. |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____ Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **07/07/2019** | */s/ David Bagley* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **David Bagley** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

PHIL1 8003637v.1

Fill in this information to identify the case:

Debtor Name:    RUI HOLDING CORP.

United States Bankruptcy Court for the:    District of Delaware

Case Number (If known):

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PACIFIC SEAFOOD CO. OF WA/(MUKILTEO) 16797 SE 130TH AVE CLACKAMAS, OR  97015 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 503-905-4500 FAX: 503-905-4200 ARGENERAL@PACSEAFOOD. COM | TRADE VENDOR | | | | $935,427.30 |
| 2 | SYSCO FOOD SERVICES PORTLAND 26250 SW PARKWAY CENTER DRIVE WILSONVILLE, OR  97070 | CONTACT: LINDA SCRUGGS PHONE: 503-682-8700 REMIT@SBS.SYSCO.COM; SCRUGGS.LINDA@CORP.SYS CO.COM | TRADE VENDOR | | | | $707,418.54 |
| 3 | SYSCO SEATTLE 22820 54TH AVENUE SOUTH KENT, WA  98032 | CONTACT: LINDA SCRUGGS PHONE: 206-622-2261 REMIT@SBS.SYSCO.COM; SCRUGGS.LINDA@CORP.SYS CO.COM | TRADE VENDOR | | | | $605,661.30 |
| 4 | CHARLIES PRODUCE COMPANY 5033 1ST AVE S SEATTLE, WA  98134 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 206-625-1412 FAX: 206-442-9023 ARREMITTANCE@CHARLIESP RODUCE.COM | TRADE VENDOR | | | | $471,691.75 |
| 5 | SYSCO SAN FRANCISCO NCA.050 5900 STEWART AVENUE FREMONT, CA  94538 | CONTACT: LINDA SCRUGGS PHONE: 510-226-3000 REMIT@SBS.SYSCO.COM; SCRUGGS.LINDA@CORP.SYS CO.COM | TRADE VENDOR | | | | $184,615.92 |

Debtor: RUI HOLDING CORP.                                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6   MICROSOFT LICENSING, GP. 1950 N STEMMONS FWY, STE. 5010 DALLAS, TX 75207 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 775-823-5600 MSCREDIT@MICROSOFT.COM | TRADE VENDOR | | | | $176,290.25 |
| 7   ARAMARK 101179 / PASADENA REMIT 100 WEST CALIFORNIA BOULEVARD PASADENA, CA 91105 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 215-238-3000 AUS_REMITINFO@UNIFORM.ARAMARK.COM | TRADE VENDOR | | | | $160,172.67 |
| 8   SYSCO - ALASKA REMIT 6601 CHANGEPOINT DR ANCHORAGE, AK 99518 | CONTACT: LINDA SCRUGGS PHONE: 907-565-5567 REMIT@SBS.SYSCO.COM; SCRUGGS.LINDA@CORP.SYSCO.COM | TRADE VENDOR | | | | $142,731.66 |
| 9   NEWPORT MEAT COMPANY 16691 HALE AVENUE, IRVINE, CA 92623-9726 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 949-399-4299 FAX: 949-474-1439 EFT@NEWPORTMEAT.COM; INFO@NEWPORTMEAT.COM | TRADE VENDOR | | | | $123,104.49 |
| 10   LA SPECIALTY PRODUCE CO DBA SF SPECIALTY 13527 ORDEN DRIVE SANTA FE SPRINGS, CA 90670 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 562-741-2200 FAX: 562-741-2907 ACCOUNTS.RECEIVABLE@LASPECIALTY.COM | TRADE VENDOR | | | | $118,195.67 |
| 11   RPAI - RETAIL PROPERTIES OF AMERICA RPAI SOUTHWEST MANAGMENT LLC 15105 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693-5105 | CONTACT: TIMOTHY MOOREHEAD PHONE: 469-467-9995 AR.ACH@RPAI.COM; CONNOR@RPAI.COM | LANDLORD | | | | $104,390.10 |
| 12   BASEBALL CLUB OF SEATTLE, THE LLLP DBA SEATTLE MARINERS SAFECO FIELD 1250 FIRST AVENUE SOUTH SEATTLE, WA 98134 | CONTACT: M. WALLACE PHONE: 206-346-4001 FAX: 206-346-4001 MWALLACE@MARINERS.COM | TRADE VENDOR | | | | $103,800.00 |
| 13   ATTILIO MERLINO & ASSOC INC DBA MERLINO FOODS 4100 4TH AVE S SEATTLE, WA 98134 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 206-723-4700 AR_ACH@MERLINO.COM; SALES@MERLINO.COM | TRADE VENDOR | | | | $99,614.60 |
| 14   SYSCO MN 047 2400 COUNTY ROAD J SAINT PAUL, MN 55112 | CONTACT: LINDA SCRUGGS PHONE: 763-785-9000 REMIT@SBS.SYSCO.COM; SCRUGGS.LINDA@CORP.SYSCO.COM | TRADE VENDOR | | | | $97,469.74 |
| 15   SYSCO - DENVER 5000 BEELER STREET DENVER, CO 80238 | CONTACT: LINDA SCRUGGS PHONE: 303-585-2000 REMIT@SBS.SYSCO.COM; SCRUGGS.LINDA@CORP.SYSCO.COM | TRADE VENDOR | | | | $93,424.18 |

Debtor: RUI HOLDING CORP.                          Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16  CIRCLE CENTRE DEV. CO. 225 W WASHINGTON ST SIMON PROPERTY GROUP INDIANAPOLIS, IN 46204 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 317-681-5615 FAX: 317-685-7270 | LANDLORD | | | | $92,469.89 |
| 17  KEMPER HOLDINGS DBA LINCOLN SQUARE RETAIL, LLC 575 BELLEVUE SQ BELLEVUE, WA 98004 | CONTACT: NINA CHURCH PHONE: 425-646-3660 AR@KEMPERDC.COM; NINA.CHURCH@KEMPERDC.COM; LORRIE.SNYDER@KEMPERDC.COM | LANDLORD | | | | $76,624.97 |
| 18  FAVCO 1205 W 29TH AVE ANCHORAGE, AK 99503 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 907-278-1525 FAX: 907-276-6626 BONNY@FAVCO.NET; FAVCO@FAVCO.NET | TRADE VENDOR | | | | $74,701.20 |
| 19  PORTLAND FRENCH LIMITED DBA PORTLAND FRENCH BAKERY 6840 N MARINE DR PORTLAND, OR 97203 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 503-283-3831 FAX: 503-283-0147 RECEIVABLES@PORTLANDFRENCH.COM; COMMENTS@PORTLANDFRENCH.COM | TRADE VENDOR | | | | $69,876.03 |
| 20  LIBERTY MUTUAL INS (ACH ONLY) 175 BERKELEY STREET BOSTON, MA 02116 | CONTACT: JENNIFER KELLY PHONE: 617-357-9500 FAX: 857-224-1430 JENNIFER.KELLY@LIBERTYMUTUAL.COM | INSURANCE / BENEFITS | | | | $68,797.64 |
| 21  DENVER PAVILIONS OWNERCO, LLC 299 MILKWAUKEE ST. SUITE 500 DENVER, CO 80206 | CONTACT: A. KRANTZ PHONE: 303-270-0343 AKRANTZ@GARTPROPERTIES.COM; AAMATO@GARTPROPERTIES.COM | LANDLORD | | | | $56,659.39 |
| 22  ELLIOTT BAY MARINA, INC. 2601 W MARINA PL SEATTLE, WA 98199 | CONTACT: KAT BINDER PHONE: 206-285-4817 INFO@ELLIOTTBAYMARINA.NET; KAT@ELLIOTTBAYMARINA.NET | LANDLORD | | | | $53,554.02 |
| 23  SOUTHERN GLAZERS WINE & SPIRITS OF NCA 33321 DOWE AVE UNION CITY, CA 94587-2047 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 510-477-5500 FAX: 510-441-7189 | TRADE VENDOR | | | | $49,837.33 |
| 24  TMT LLOYD RETAIL INC 901 NE GILSAN STREET C/O ELLIOTT ASSOCIATES, INC PORTLAND, OR 97232 | CONTACT: DARREN MCDONALD & AUTUMN TRAPANI PHONE: 503-972-7217 / 503-972-7213 DMCDONALD@NAIELLIOTT.COM; ATRAPANI@NAIELLIOTT.COM | LANDLORD | | | | $48,224.59 |

Debtor: RUI HOLDING CORP.                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25  MEPT EDGEMOOR REIT DBA BREWERY BLOCK 2 7315 WISCONSIN AVENUE SUITE 350 WEST C/O NEWTOWER TRUST COMPANY BETHESDA, MD 20814 | CONTACT: SARAH KELLEY PHONE: 240-235-9960 FAX: 240-235-9961 SARAH.KELLEY@AM.JLL.COM | LANDLORD | | | | $45,128.71 |
| 26  BIX PRODUCE COMPANY LLC 1415 LORIENT STREET ST. PAUL, MN 55117 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 651-487-8000 FAX: 651-487-1314 AR@BIXPRODUCE.COM | TRADE VENDOR | | | | $44,524.38 |
| 27  ECOLAB INSTITUTIONAL 1 ECOLAB PLACE ST. PAUL, MN 55102 | CONTACT: CFO OR GENERAL COUNSEL PHONE: 800-232-6522 EDIREPORTS@ECOLAB.COM | TRADE VENDOR | | | | $44,382.90 |
| 28  SLM WASTE & RECYCLING SERVICES, INC. 5000 COMMERCE DRIVE GREEN LANE, PA 18054 | CONTACT: LORI BITTING PHONE: 888-847-4449 LORI.BITTING@SLMFACILITIES.COM | UTILITY | | | | $42,268.21 |
| 29  PPF OFF 345 SPEAR STREET, LP: 345 SPEAR STREET, SUITE 124 C/O JONES LANG LASALLE - HILLS PLAZA SAN FRANCISCO, CA 94105 | CONTACT: LISA ANGELONI PHONE: 415-777-3345 LISA.ANGELONI@HILLSPLAZASF.COM | LANDLORD | | | | $41,048.00 |
| 30  PORT OF OAKLAND 530 WATER STREET C/O PORT OF OAKLAND, COMMERCIAL REAL ESTATE DIVISION OAKLAND, CA 94607 | CONTACT: A. ZAMORA & J. BRAUN PHONE: 510-272-1100 AZAMORA@PORTOAKLAND.COM; CASHIER@PORTOAKLAND.COM; JBRAUN@PORTOAKLAND.COM | LANDLORD | | | | $37,907.41 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | RUI Holding Corp. |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____    Certification of Creditor Matrix_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **07/07/2019** | */s/ David Bagley* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **David Bagley** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

PHIL1 8003637v.1

## JOINT WRITTEN CONSENT IN LIEU OF SPECIAL MEETINGS
## OF THE BOARDS OF DIRECTORS

July 5, 2019

The undersigned, being all of the directors of the Boards of Directors (each a "Board", and collectively, the "Boards") of each of the corporations listed on Schedule 1 attached hereto (each, a "Corporation", and collectively, the "Corporations"), in lieu of holding special meetings of the Boards, hereby take the following actions and adopt the following resolutions by written consent pursuant to the By-laws of each Corporation and Section 141(f) of the General Corporation Law of the State of Delaware, Section 23B.08.210 of the Washington Business Corporation Act, Section 302A.239 of the Business Corporation Act of the State of Minnesota, and Section 6.201 of the Texas Business Organizations Code, as applicable, effective as of the date set forth above:

### Chapter 11 Filing

**WHEREAS,** the Boards considered presentations by the management and the financial and legal advisors of the Corporations regarding the financial situation of the Corporations, the strategic alternatives available to them, and the effect of the foregoing on the Corporations' businesses; and

**WHEREAS,** the Boards have had the opportunity to consult with the management and the financial and legal advisors of the Corporations and fully consider each of the strategic alternatives available to the Corporations.

**NOW, THEREFORE, BE IT:**

**RESOLVED,** that in the judgment of the Boards, it is desirable and in the best interests of the Corporations, their creditors, and other parties in interest, that each of the Corporations shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (such voluntary petitions to be filed by the Corporations are collectively referred to herein as the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and it is

**FURTHER RESOLVED,** that any duly appointed officer of the Corporations (collectively, including, but not limited to, the Chief Executive Officer, the Chief Financial Officer, and the Chief Restructuring Officer, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Corporations all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Corporations' businesses or to assist the Corporations in the Chapter 11 Cases and in carrying out their respective duties under the provisions of the Bankruptcy Code; and it is

## Debtor-In-Possession Financing, Cash Collateral, and Adequate Protection

**RESOLVED**, that each of the Corporations will obtain benefits from: (i) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Third Amended and Restated Credit Agreement, dated as of July 31, 2013, among Corporations, as borrowers and guarantors, Fortress Credit Co LLC, as agent, and the lenders party thereto from time to time; and (ii) certain debtor-in-possession financing (the "DIP Financing") provided by certain of the Secured Lenders or their affiliates; and it is

**FURTHER RESOLVED**, that to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Corporations will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court; and it is

**FURTHER RESOLVED**, that in the business judgment of the Boards, it is desirable and in the best interests of the Corporations, their respective stakeholders, creditors, and other parties in interest, to enter into a certain new debtor-in-possession credit agreement (the "DIP Credit Agreement"), in form or substantially in the form thereof submitted to the Boards; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreement, and the form, terms, and provisions of such other agreements, certificates, schedules, and instruments contemplated thereby (including the DIP Credit Agreement, collectively, the "DIP Credit Agreement Documents") be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Corporations be, and hereby is, authorized and empowered, in the name of and on behalf of the Corporations, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Credit Agreement Documents, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Boards, with such changes, additions, and modifications thereto as the officers of the Corporations executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the Interim DIP Order to which the Corporations are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Corporations be, and hereby are, authorized and empowered, in the name of and on behalf of the Corporations, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, objections, replies, or other papers or documents to which the any of the Corporations is or will be a party, including, but not limited to, any term sheet, credit agreement, security and pledge agreement, or guaranty agreement (collectively with the Interim DIP Order and the DIP Credit Agreement Documents, the "DIP Documents"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form

-2-

thereof submitted to the Boards, with such changes, additions, and modifications thereto as the officers of the Corporations executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**FURTHER RESOLVED**, that each Corporation, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and certain secured claims pursuant to the DIP Credit Agreement Documents (the "DIP Obligations") and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Credit Agreement Documents (collectively, the "Adequate Protection Transactions"); and it is

**FURTHER RESOLVED**, that the Authorized Officers of the Corporations be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Corporations, as debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent (as defined in the DIP Credit Agreement); and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers of the Corporation be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Corporation to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Corporations that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Corporations and such other filings in respect of intellectual and other property of the Corporations, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the Interim DIP Order; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers of the Corporation be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Corporations to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Corporations in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Corporations' obligations under or in connection with the Interim DIP Order

-3-

or any of the other Adequate Protection Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing resolutions; and it is

## Retention Of Professionals

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Klehr, Harrison Harvey Branzburg LLP, under a classic retainer as general bankruptcy counsel, to represent and assist the Corporations in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each of the Corporations' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Klehr Harrison Harvey Branzburg LLP; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Configure Partners, LLC, as investment banker, to represent and assist the Corporations in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Corporations rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Configure Partners, LLC; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Carl Marks Advisory Group LLC, as restructuring advisor, to represent and assist the Corporations in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each of the Corporations rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Carl Marks Advisory Group LLC; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, Inc. as notice, claims, and balloting agent to represent and assist the Corporations in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Corporations rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Epiq Bankruptcy Solutions, Inc.; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Corporations in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate

-4-

retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of the cases; and it is

## General

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Corporations, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in the case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that each of the undersigned directors have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporations, or hereby waives any right to have received such notice; and it is

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Corporations, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Corporations with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Boards; and it is

**FURTHER RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is

**FURTHER RESOLVED**, the actions taken by this Joint Unanimous Written Consent shall have the same force and effect as if taken at a special meeting of the Boards duly called and constituted pursuant to the By-laws of the Corporations and the laws of the State of Delaware, the State of Washington, the State of Minnesota or the State of Texas, as applicable.

[SIGNATURES FOLLOW]

-5-

IN WITNESS WHEREOF, the undersigned has executed this Joint Unanimous Written Consent effective as of the day and year first written above.

**BOARD OF DIRECTORS:**

_____
Stephen Cella

_____
Jonathan Jackson

_____
James E. Eschweiler

*Constituting all of the directors of the Boards of Directors of (i) RUI Holding Corp., (ii) RU Corp., (iii) Restaurants Unlimited, Inc., and (iv) Restaurants Unlimited Texas, Inc.*

IN WITNESS WHEREOF, the undersigned has executed this Joint Unanimous Written Consent effective as of the day and year first written above.

**BOARD OF DIRECTORS:**

Stephen Cella

Jonathan Jackson

James E. Eschweiler

*Constituting all of the directors of the Boards of Directors of (i) RUI Holding Corp., (ii) RU Corp., (iii) Restaurants Unlimited, Inc., and (iv) Restaurants Unlimited Texas, Inc.*

IN WITNESS WHEREOF, the undersigned has executed this Joint Unanimous Written Consent effective as of the day and year first written above.

**BOARD OF DIRECTORS:**

_____
Stephen Cella


_____
Jonathan Jackson


_____
James E. Eschweiler

*Constituting all of the directors of the Boards of Directors of (i) RUI Holding Corp., (ii) RU Corp., (iii) Restaurants Unlimited, Inc., and (iv) Restaurants Unlimited Texas, Inc.*

PHIL1 8002959v.2

### Schedule 1

RUI Holding Corp., a Delaware corporation
RU Corp., a Washington corporation
Restaurants Unlimited, Inc., a Minnesota corporation
Restaurants Unlimited Texas, Inc., a Texas corporation