# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RUI HOLDING CORP., *et al.*,[1] | Case No. 19-11509 (___) |
| Debtors. | (Joint Administration Requested) |

### AGENDA REGARDING HEARING ON FIRST DAY MOTIONS SCHEDULED FOR JULY 9, 2019, AT 3:00 P.M. (PREVAILING EASTERN TIME)[2]

Date and Time of Hearing:   July 9, 2019, at 3:00 p.m. (prevailing Eastern Time)

Location of Hearing:   The Honorable John T. Dorsey, Bankruptcy Judge,
United States Bankruptcy Court for the District of Delaware,
824 Market Street, 5th Floor, Courtroom No. 6
Wilmington, Delaware 19801

Copies of Motions:   A copy of each pleading can be viewed on the Court's website at https://ecf.deb.uscourts.gov and on the website of the Debtors' proposed notice and claims agent, Epiq Corporate Restructuring, LLC at https://dm.epiq11.com/restaurants. Further information may be obtained by calling 877-277-3908 (U.S. Toll-Free) or 503-520-4458 (International) or emailing restaurants@epiqglobal.com.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: RUI Holding Corp. (6192); RU Corp. (8259); Restaurants Unlimited, Inc. (8365); and Restaurants Unlimited Texas, Inc. (5733). The Debtors' headquarters and mailing address is: 411 First Ave. South, Suite 200, Seattle, WA 98104. The Debtors operate restaurants under the following names: Clinkerdagger; Cutters Crabhouse; Fondi Pizzeria; Henry's Tavern; Horatio's; Kincaid's; Maggie Bluffs; Manzana; Newport Seafood Grill; Palisade; Palomino; Portland City Grill; Portland Seafood Company; Scott's Bar and Grill; Simon & Seafort's; Skate's on the Bay; Stanford's; and Stanley & Seafort's.

[2] Any party who wishes to attend telephonically is required to make arrangements through CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946).

<u>This agenda sets forth items in the order they appear in the first day motions binders delivered to the Court.  The status of each is set forth below:</u>

1.     <u>Voluntary Chapter 11 Petitions</u>.

        A.     RUI Holding Corp.  – Case No. 19-11509 (___)

        B.     RU Corp. – Case No. 19-11510 (___)

        C.     Restaurants Unlimited, Inc. – Case No. 19-11511 (___)

        D.     Restaurants Unlimited Texas, Inc. – Case No. 19-11512 (___)

2.     <u>First Day Declaration</u>.  Declaration of David Bagley in Support of Debtors' First Day Motions and Applications [Docket No. 17; Filed 7/7/2019]

        <u>Status</u>:     The Declaration will be relied upon as evidentiary support for the first day matters listed below.

## Procedural Motions

3.     <u>Joint Administration Motion</u>.  Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Their Related Chapter 11 Cases and (II) Granting Related Relief [Docket No. 2; Filed 7/7/2019]

        <u>Status</u>:     This matter is going forward.

4.     <u>Creditor Matrix Motion</u>.  Debtors' Motion For Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor and (II) Granting  Related  Relief [Docket No. 3; Filed 7/7/2019]

        <u>Status</u>:     This matter is going forward.

5.     <u>Epiq 156(c) Retention Application</u>. Debtors' Application For Entry of an Order, Pursuant to 28 U.S.C. § 156(c), Authorizing the Retention and Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent for the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No. 4; Filed 7/7/2019]

        <u>Status</u>:     This matter is going forward.

## First Day Motions Pertaining to Financing/Cash Collateral

6.     <u>DIP Financing/Cash Collateral Motion</u>.  Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the

Prepetition Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Docket No. 5; Filed 7/7/2019]

Related Documents:

Declaration of David Bagley in Support of the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Docket No. 6; Filed 7/7/2019]

> Status:    This matter is going forward with respect to an interim order.

**First Day Motions Pertaining to Business Operations**

7. Cash Management Motion. Debtors' Motion for Entry of an Interim and Final Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Business Forms, and (II) Granting Related Relief [Docket No. 8; Filed 7/7/2019]

   > Status:    This matter is going forward with respect to an interim order.

8. Wages Motion. Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing, But Not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief [Docket No. 9; Filed 7/7/2019]

   > Status:    This matter is going forward with respect to an interim order.

9. Customer Programs Motion. Debtors' Motion tor Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief [Docket No. 10; Filed 7/7/2019]

   > Status:    This matter is going forward with respect to an interim order.

10. Comprehensive Vendor Motion. Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Certain Prepetition Claims of Trade Claimants, PACA/PASA Claimants, and Other Vendors, and (II) Approving the Procedures Related Thereto, and (III) Granting Related Relief [Docket No. 11; Filed 7/7/2019]

    > Status:    This matter is going forward with respect to an interim order.

11.   Utilities Motion.  Debtors' Motion for Entry of Interim and Final Orders (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Determining Adequate Assurance of Payment for Future Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, and (VI) Granting Related Relief [Docket No. 12; Filed 7/7/2019]

   Status:   This matter is going forward with respect to an interim order.

12.   Taxes Motion.  Debtors' Motion for Entry of an Interim and Final Order (I) Authorizing, But Not Directing the Payment of Certain Prepetition Taxes and Fees and (II) Granting Related Relief [Docket No. 13; Filed 7/7/2019]

   Status:   This matter is going forward with respect to an interim order.

13.   Insurance Motion. Debtors' Motion for Entry of an Interim and Final Order (I) Authorizing, But Not Directing, the Debtors to (A) Pay Their Obligations Under Insurance Policies Entered into Prepetition, (B) Continue to Pay Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (D) Honor the Terms of the Financing Agreements and Pay Premiums Thereunder, and (II) Granting Related Relief [Docket No. 14; Filed 7/**7**/2019]

   Status:   This matter is going forward with respect to an interim order.

## Motions Listed for Scheduling Purposes Only

14.   Combined Sale Procedures/Sale Motion. Debtors' Combined Motion for Orders (I)(A) Approving Procedures in Connection with Sale of Debtors' Assets; (B) Scheduling Auction and Hearing to Consider Approval of Sale; (C) Approving Procedures Related to Assumption of Certain Executory Contracts and Unexpired Leases; (D) Approving Form and Manner of Notices Thereof; and (E) Granting Related Relief; and (II)(A) Authorizing Sale or Sales of Debtors' Assets, Free and Clear of All Liens, Claims, Interests, and Encumbrances; (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (C) Granting Related Relief [Docket No. 15; Filed 7/7/2019]

   Status:   This matter is going forward with respect to scheduling only.

15.   Lease Rejection.  Debtors' First Omnibus Motion for Entry of an Order (I) Authorizing the Rejection of Certain Unexpired Leases, (II) Authorizing Abandonment of Certain Personal Property, Each Effective *Nunc Pro Tunc* to the Petition Date, and (III) Granting Related Relief [Docket No. 16; Filed 7/7/2019]

   Status:   This matter is going forward with respect to scheduling only.

| | |
|---|---|
| Dated: July 8, 2019<br>Wilmington, Delaware | */s/ Domenic E. Pacitti*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>Sally E. Veghte (DE Bar No. 4762)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone:  (302) 426-1189<br>Facsimile:  (302) 426-9193<br>Email:  dpacitti@klehr.com<br>           myurkewicz@klehr.com<br>           sveghte@klehr.com<br><br>*Proposed Counsel to the Debtors* |