IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| RUI HOLDING CORP., *et al.*,[1] | ) Case No. 19-11509 (JTD) <br> ) |
| Debtors. | ) Jointly Administered <br> ) <br> ) Related to Docket Nos. 328 and 353 |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) FIXING THE VOTING RECORD DATE; (III) APPROVING THE NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (V) APPROVING THE FORMS OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN; (VI) APPROVING THE FORMS OF NOTICES TO NON-VOTING CLASSES UNDER THE PLAN; (VII) FIXING THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN; AND (VIII) APPROVING PROCEDURES FOR VOTE TABULATIONS IN CONNECTION THEREWITH**

Upon the Motion, dated December 2, 2019 (the "***Motion***"),[2] of the debtors and debtors in possession (collectively, the "***Debtors***"), in the above referenced chapter 11 cases, pursuant to sections 105, 502, 1125 and 1128 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 3017, 3020, 9013, 9014, and 9021 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 2002-1, 3017-1, 3020-1, 9013-1 and 9021-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), for an order (i) approving the *Disclosure Statement With Respect*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: RUI Holding Corp. (6192); RU Corp. (8259); Restaurants Unlimited, Inc. (8365); and Restaurants Unlimited Texas, Inc. (5733). The Debtors' headquarters and mailing address is: 411 First Ave. South, Suite 200, Seattle, WA 98104. The Debtors operated restaurants under the following names: Clinkerdagger; Cutters Crabhouse; Fondi Pizzeria; Henry's Tavern; Horatio's; Kincaid's; Maggie Bluffs; Manzana; Newport Seafood Grill; Palisade; Palomino; Portland City Grill; Portland Seafood Company; Scott's Bar and Grill; Simon & Seafort's; Skate's on the Bay; Stanford's; and Stanley & Seafort's.

[2] Capitalized terms utilized but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

to the First Amended Joint Plan of Liquidation of RUI Holding Corp. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, dated January 14, 2020 (as the same may be amended or modified, the "**Disclosure Statement**") under section 1125 of the Bankruptcy Code; (ii) fixing a voting record date (the "**Voting Record Date**"); (iii) approving the notice of hearing and objection procedures (the "**Confirmation Hearing Notice**"), substantially in the form annexed to the hereto as **Exhibit 1**, in respect of confirmation of the *First Amended Joint Plan of Liquidation of RUI Holding Corp. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, dated January 14, 2020 (as the same may be amended or modified, the "**Plan**"), and setting the date for the hearing on confirmation of the Plan; (iv) approving the Solicitation Packages and procedures for distribution thereof; (v) approving the forms of Ballots, annexed as **Exhibit 2** and **Exhibit 4**, hereto, and establishing procedures for voting on the Plan; (vi) approving the form of the notices to non-voting unimpaired classes under the Plan, annexed as **Exhibit 3**, hereto; (vii) approving the form of the notices to non-voting impaired class under the Plan, annexed as **Exhibit 5** hereto; (viii) fixing the voting deadline for creditors to accept or reject the Plan; and (ix) approving procedures for tabulating creditor votes; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (a) the U.S. Trustee and (b) all other parties who have filed requests for notice under Bankruptcy Rule 2002; and a hearing having been held before the Court with respect to the Motion on January 15, 2020 (the "**Hearing**"); and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined

PHIL1 8326348v.7

that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

        IT IS HEREBY FOUND THAT:

A.      The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.      The forms of the ballots with respect to the Plan (the "**_Ballots_**"), substantially in the forms annexed hereto as **Exhibit 2** and **Exhibit 4**, respectively, are sufficiently consistent with Official Form No. 14 and adequately address the particular needs of these chapter 11 cases and are appropriate for each Class of Claims entitled under the Plan to vote to accept or reject the Plan.

C.      Ballots need not be provided to the holders of Claims in Class 2 (Miscellaneous Secured Claims) and Class 3 (Priority Non-Tax Claims) because they are conclusively presumed to accept the Plan. Ballots also need not be provided to the members of Class 5 (Interests) because such holders will retain and receive no property under the Plan and, therefore, are deemed to reject the Plan.

D.      The period set forth below, during which the Debtors may solicit acceptances to the Plan, is a reasonable period of time for holder of Claims entitled to vote on the Plan to make an informed decision with respect to whether to accept or reject the Plan.

E.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.      The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "**_Confirmation Hearing_**")

and the distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS:

1. The Motion is GRANTED as set forth herein.

2. The Disclosure Statement is APPROVED as set forth herein.

3. Except as otherwise noted on the record of the Hearing, all objections to the Disclosure Statement are hereby OVERRULED.

4. The Ballots are APPROVED.

5. The record date (the "*Voting Record Date*") for purposes of determining creditors entitled to vote on the Plan or, in the case of non-voting classes to receive the Notice of Non-Voting Status - Unimpaired Classes (as defined below) or the Notice of Non-Voting Statues - Impaired Classes (as defined below), as applicable, is **January 3, 2020** provided however, that with respect to a transferred claim, the transferee shall be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder as of the Voting Record Date of such transferred Claim.

6. The Debtors shall complete the mailing of Solicitation Packages within four (4) business days following entry of the Order, (the "*Solicitation Date*"), and serve all known holders

(as of the Voting Record Date) of claims in Class 1 (Prepetition Senior Secured Claim) and Class 4 (General Unsecured Claims) (collectively, the "***Voting Classes***") with a copy of: (i) this Order (without the exhibits hereto); (ii) the Confirmation Hearing Notice; (iii) the appropriate form of Ballot to accept or reject the Plan with instructions and with a prepaid and pre-addressed return envelope; and (iv) the Plan and Disclosure Statement.[2]

7. The Debtors shall complete, by no later than the Solicitation Date, the mailing of the Confirmation Hearing Notice to all parties who received the Disclosure Statement Notice.

8. The Debtors shall complete, by no later than the Solicitation Date, the mailing of: (i) the Confirmation Hearing Notice; and (ii) the appropriate form of Notice of Non-Voting Status – Unimpaired Class to all known holders (as of the Voting Record Date) of claims in Class 2 (Miscellaneous Secured Claims) and Class 3 (Priority Non-Tax Claims).

9. The Debtors shall complete, by no later than the Solicitation Date, the mailing of: (i) the Confirmation Hearing Notice; and (ii) the appropriate form of Notice of Non-Voting Status – Impaired Class to all known holders (as of the Voting Record Date) of interests in Class 5 (Interests).

10. The Confirmation Hearing will be held at **10:00 a.m. (prevailing Eastern Time) on February 25, 2020**; provided, however, that the Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

---

[2] Copies of the materials contained in the Packages (excluding the Confirmation Hearing Notice and the Ballots) may be provided on flash drive or CD-ROM at the Debtors' discretion; *provided, however*, that any party may request to receive paper copies of such materials from the Voting and Balloting Agent at no cost to such party.

11. The Confirmation Hearing Notice, setting forth the time, date and place of the Confirmation Hearing, substantially in the form annexed hereto as **Exhibit 1**, is hereby APPROVED.

12. The Debtors shall publish the Confirmation Hearing Notice, on one occasion, in the New York Times on a date not less than twenty-five (25) calendar days prior to the Confirmation Hearing date, which notice is hereby APPROVED and deemed adequate and sufficient notice of the Confirmation Hearing in accordance with Bankruptcy Rule 2002.

13. Any objections to confirmation of the Plan must (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed, together with proof of service, with the Court and served so that they are actually filed and received by the following parties no later than **4:00 p.m. (prevailing Eastern Time) on February 18, 2020** (the "***Confirmation Objection Deadline***"): (i) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801, Attn.: Domenic E. Pacitti and Michael Yurkewicz and (ii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Richenderfer.

14. Counsel for the Debtors are authorized to file replies or responses to any such objections no later than **12:00 p.m. (prevailing Eastern Time) on February 21, 2020**.

15. The Debtors shall not be required to send Solicitation Packages to (i) any holder of an unimpaired claim under the Plan, (ii) any holder of a Claim or equity interest in a Class under the Plan that is deemed to reject the Plan, (iii) any party who holds a claim that is not allowed, filed, or scheduled in the Debtors' schedules of assets and liabilities and the statements of financial affairs filed by the Debtors pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rule 1007

and the Official Bankruptcy Forms of the Bankruptcy Rules, as such schedules and statements have been or may be amended (the "***Schedules***") in an amount greater than $0 or scheduled as contingent, unliquidated or disputed (where no timely Proof of Claim was filed), and (iv) a creditor that has a Claim that already has been paid in full; <u>provided</u>, <u>however</u>, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, then such creditor shall be sent a Solicitation Package in accordance with the procedures set forth herein. If you have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the addresses set forth below and file with the Bankruptcy Court (with a copy to Chambers) a motion (a "***Rule 3018(a) Motion***") for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the service of notice of an objection or request for estimation, if any, as to such claim. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court.

16.     With respect to addresses from which Disclosure Statement Notices were returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless and until the Debtors are provided with accurate addresses for such entities before the Solicitation Date, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate

notice of the Confirmation Hearing or the Voting Deadline (as defined below) nor constitute a violation of Bankruptcy Rule 3017(d).

17. A Notice of Non-Voting Status - Unimpaired Class, substantially in the form annexed hereto as **Exhibit 3**, and **Exhibit 4**, which forms hereby are APPROVED, shall be distributed to holders of claims and interests in Class 2 (Miscellaneous Secured Claims) and Class 3 (Priority Non-Tax Claims) (collectively' the "***Non-Voting Unimpaired Class***") and holders of unclassified, unimpaired claims, which claims are unimpaired under the Plan and therefore are not entitled to vote to accept or reject the Plan.

18. A Notice of Non-Voting Status - Impaired Classes, substantially in the form annexed hereto as **Exhibit 6** which forms hereby are APPROVED, shall be distributed to Class 5 (Interests) (the "***Non-Voting Impaired Classes***"), which Class is not entitled to vote to accept or reject the Plan.

19. The Notice of Non-Voting Status - Unimpaired Class and Notice of Non-Voting Status - Impaired Class satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and the Debtors therefore are not required to distribute copies of the Plan, Disclosure Statement, and/or Disclosure Statement Order to any holder of a claim or interest in the Non-Voting Unimpaired Class and the Non-Voting Impaired Class, unless such party in such Classes makes a request for copies of such documents to the Debtors in writing.

20. Each Ballot must be properly executed, completed, and delivered to the Voting and Balloting Agent (i) by first-class mail, or in the return envelope provided with each Ballot, (ii) by overnight courier, or (iii) by hand delivery, so that they are received by the Voting and Balloting Agent no later than **4:00 p.m. (prevailing Eastern Time) on February 18, 2020** (the "***Voting Deadline***").

21. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such Claim as set forth in the Schedules, provided that:

(a) If a Claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b) If a Claim for which a proof of claim has been timely filed is contingent, unliquidated, or disputed in full (as may be reasonably determined by the Debtors or the Voting and Balloting Agent after receipt of the claim supporting documents), such claim is accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such claim is disputed as set forth in subparagraph (h) below;

(c) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d) If a proof of claim was timely filed in an amount that is liquidated, noncontingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph (h) below;

(e) If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (a) filed by the applicable bar date for the filing of proofs of claim established by the Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, that such claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c); *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

(f) If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g) If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim shall be entitled to Vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as

        otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules;

(h)    If the Debtors have filed an objection or request for estimation as to a Claim on or before the Solicitation Date, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline (any objections to Claims filed after Solicitation Date shall not affect the voting rights of the Holder of a Claim subject to such objection for purposes of this provision);

(i)    Proofs of claim filed for $0.00 are not entitled to vote;

(j)    For purposes of voting, classification and treatment under the Plan, each entity that holds or has filed more than one (1) Claim, shall be treated as if such entity has only one (1) Claim in each applicable Class and the Claims filed by such entity shall be aggregated in each applicable Class and the total dollar amount of such entity's Claims in each applicable Class shall be the sum of the aggregated Claims of such entity in each applicable Class;

(k)    Any entity that filed or purchased duplicate claims against one or more Debtors within the same Class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

(l)    Notwithstanding anything contained herein to the contrary, the Voting and Balloting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects; and

(m)    There shall be a rebuttable presumption that any claimant who submits a properly completed superseding Ballot or withdrawal of Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan.

22.    If any claimant seeks to challenge the allowance or disallowance of its Claim for voting purposes in accordance with the above procedures, such claimant is required to serve on counsel for the Debtors and counsel to the United States Trustee and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or

before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim.

23. As to any claimant filing a motion pursuant to Bankruptcy Rule 3018(a), such claimant's Ballot should not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

24. Each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its Claim therefor.

25. Whenever a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots.

26. Any entity that holds a Claim in more than one Class that is entitled to vote must use separate Ballots for each such Claim.

27. Claimants must vote all of their Claims within a particular Class under the Plan, whether or not such Claims are asserted against the same or multiple Debtors, either to accept or reject the Plan and may not split their vote(s), and thus a Ballot that partially rejects and partially accepts the Plan shall not be counted.

28. The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan; (iv) subject to paragraph 22(e) herein any Ballot cast for a Claim identified in the Schedules as unliquidated, contingent, or disputed for which no proof of claim was timely filed; (v) any Ballot cast for a Claim for which an objection or request for estimation

has been filed on or before the Solicitation Date as set forth herein; (vi) any unsigned Ballot or Ballot that does not contain an original signature; (vii) any Ballot transmitted to the Voting and Balloting Agent by facsimile or other means not specifically approved herein; or (viii) any Ballot that is otherwise properly completed, executed and timely returned, but does not indicate a vote to accept or reject the Plan or that indicates a vote to both accept and reject the Plan.

29. The Debtors further propose that, subject to any contrary order of the Court and except as otherwise set forth herein, they may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting and Balloting Agent.

30. Any Class that contains claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

31. The Debtors are authorized, in their sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

32. The Debtors are authorized, upon three business days' notice to the U.S. Trustee, to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their mailing.

33. All notices to be provided pursuant to the procedures set forth herein are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

*[signature: John T. Dorsey]*

**Dated: January 15th, 2020**  
**Wilmington, Delaware**

**JOHN T. DORSEY**  
**UNITED STATES BANKRUPTCY JUDGE**

PHIL1 8326348v.7