**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RUI HOLDING CORP., *et al.*,[1] | ) | Case No. 19-11509 (JTD) |
| Debtors. | ) | Jointly Administered |

**DECLARATION OF JANE SULLIVAN ON BEHALF OF EPIQ CORPORATE RESTRUCTURING, LLC REGARDING VOTING AND TABULATION OF BALLOTS CAST ON THE FIRST AMENDED JOINT PLAN OF LIQUIDATION OF RUI HOLDING CORP. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

I, Jane Sullivan, declare, under penalty of perjury:

1. I am Executive Vice President of Epiq Corporate Restructuring, LLC ("***Epiq***") located at 777 Third Avenue, 12th Floor, New York, New York 10017. I am over the age of 18 years. I do not have a direct interest in these chapter 11 cases and should be considered an impartial party.

2. I submit this declaration (the "***Declaration***") with respect to the solicitation and tabulation of votes cast on the *First Amended Joint Plan of Liquidation of RUI Holding Corp. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or modified from time to time, the "***Plan***").[2] Except as otherwise indicated herein, all facts set

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: RUI Holding Corp. (6192); RU Corp. (8259); Restaurants Unlimited, Inc. (8365); and Restaurants Unlimited Texas, Inc. (5733). The Debtors' headquarters and mailing address is: 411 First Ave. South, Suite 200, Seattle, WA 98104. The Debtors operated restaurants under the following names: Clinkerdagger; Cutters Crabhouse; Fondi Pizzeria; Henry's Tavern; Horatio's; Kincaid's; Maggie Bluffs; Manzana; Newport Seafood Grill; Palisade; Palomino; Portland City Grill; Portland Seafood Company; Scott's Bar and Grill; Simon & Seafort's; Skate's on the Bay; Stanford's; and Stanley & Seafort's.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure Statement Order (as defined herein).

forth herein are based upon my personal knowledge or my review of relevant documents. I am authorized to submit this Declaration on behalf of Epiq. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

3. In accordance with (1) the *Order Authorizing the Retention and Employment of Epiq Corporate Restructuring, LLC as Administrative Advisor for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* [Docket No. 142], and (2) the *Order (I) Approving the Disclosure Statement; (II) Fixing the Voting Record Date; (III) Approving the Notice and Objection Procedures in Respect of Confirmation of the Plan; (IV) Approving Solicitation Packages and Procedures for Distribution Thereof; (V) Approving the Forms of Ballots and Establishment of Procedures for Voting on the Plan; (VI) Approving the Forms of Notices to Non-Voting Classes Under the Plan; (VII) Fixing the Voting Deadline to Accept or Reject the Plan; and (VIII) Approving Procedures for Vote Tabulations in Connection Therewith* [Docket No. 359] (the "***Disclosure Statement Order***"), Epiq was appointed and authorized to assist the Debtor with, *inter alia*, soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast on the Plan by holders of Claims in the Voting Classes (as defined below).

4. Pursuant to the Plan, only holders of Claims in the following classes (collectively, the "***Voting Classes***") were entitled to vote to accept or reject the Plan:

| **Class** | **Description** |
|---|---|
| Class 1 | Prepetition Senior Secured Claim |
| Class 4 | General Unsecured Claims (including all Deficiency Claims) |

5. The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Disclosure Statement Order. Epiq was instructed by the Debtor to solicit, review, determine the validity of, and tabulate Ballots in accordance with the Disclosure Statement Order.

6. As specified in the Disclosure Statement Order, January 3, 2020 was established as the record date for determining the holders of Claims in the Voting Classes who would be entitled to vote to accept or reject the Plan (the "***Voting Record Date***").

7. In accordance with the Disclosure Statement Order, Epiq solicited the holders of Claims in the Voting Classes as of the Voting Record Date. Epiq's *Affidavit of Service of Solicitation Packages* was filed with this Court on January 24, 2020 [Docket No. 365].

8. Ballots returned by returned by mail, hand delivery, or overnight courier were received by personnel of Epiq at its office in Beaverton, Oregon, and such Ballots were date-stamped upon receipt. All Ballots received by Epiq were processed in accordance with the Disclosure Statement Order.

9. For a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the procedures set forth in the Disclosure Statement Order and executed by the relevant holder, or such holder's authorized representative, and must have been received by Epiq no later than 4:00 p.m. (prevailing Eastern Time) on February 18, 2020 (the "***Voting Deadline***").

10. All validly executed Ballots cast by holders of Claims in the Voting Classes received by Epiq on or before the Voting Deadline were tabulated as outlined in the procedures set forth in the Disclosure Statement Order. I declare that the results of the voting by holders of Claims in the Voting Classes are as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed Ballots received by Epiq.

11. A report of all Ballots not included in the tabulation prepared by Epiq and the reasons for exclusion of such Ballots is attached as **Exhibit B** hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED: February 20, 2020
New York, New York

Jane Sullivan
Excecutive Vice President
Epiq Corporate Restructuring, LLC

**EXHIBIT A**

# EXHIBIT A

## TABULATION SUMMARY

| CLASS DESCRIPTION | ACCEPT | | REJECT | | CLASS VOTE |
|---|---|---|---|---|---|
| | AMOUNT | NUMBER | AMOUNT | NUMBER | |
| **CLASS 1 –** *PREPETITION SENIOR SECURED CLAIM* | $3,000,000.00 **100.00%** | 1 **100.00%** | $0.00 **0.00%** | 0 **0.00%** | **Accept** |
| **CLASS 4 –** *GENERAL UNSECURED CLAIMS (INCLUDING ALL DEFICIENCY CLAIMS)* | $10,448,959.13 **99.81%** | 80 **97.56%** | $19,635.22 **0.19%** | 2 **2.44%** | **Accept** |

**EXHIBIT B**

**EXHIBIT B**

**RUI HOLDING CORP., et al.**

**Report of Excluded Ballots**

| Plan Class | Plan Class Description | Name | Voting Amount | Vote Accept or Reject | Ballot Number | Reason for Exclusion |
|---|---|---|---|---|---|---|
| 4 | GENERAL UNSECUCURED CLAIMS | DAVIS WRIGHT TREMAINE LLP | $1,133.27 | Accept | 82 | NON-ORIGINAL SIGNATURE |
| 4 | GENERAL UNSECUCURED CLAIMS | FINE SOLUTIONS LLC | $1,711.25 | | 63 | NO VOTE WAS MARKED |
| 4 | GENERAL UNSECUCURED CLAIMS | MEPT BREWERY BLOCK 2 LLC | $594,704.03 | Accept | 75 | DUPLICATE OF A LATER RECEIVED AND COUNTED BALLOT |